NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2013
Decided February 25, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3130

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 11-20032-001 |
| DWAIN U. GAINES, *Defendant-Appellant*. | Michael P. McCuskey *Judge*. |

**O R D E R**

Law enforcement officers executed a search warrant at the home of Dwain Gaines, a felon, and found 205 grams of crack cocaine and a handgun. Gaines confessed to cooking and selling crack. He pleaded guilty to possession with intent to distribute, 21 U.S.C. § 841(a), possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by a felon, *id.* § 922(g)(1). Because of the drug quantity and his prior convictions for felony drug offenses, Gaines faced a statutory minimum of 10 years' imprisonment on the drug count. *See* 21 U.S.C. § 841(b)(1)(B)(iii). He also faced a consecutive term of at least 5 years for the § 924(c) violation. *See* 18 U.S.C. § 924(c)(1)(A)(i). The district court calculated a guidelines range of 262 to 327 months on the drug count and added 60 more for the § 924(c), *see* U.S.S.G. § 4B1.1(c)(2)(A), for an overall

range of 322 to 387 months. Gaines conceded that the range was correctly calculated, and the court imposed a total sentence of 300 months.

Gaines filed a notice of appeal, but his appointed counsel believes that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Gaines has not responded to his lawyer's submission, *see* CIR. R. 51(b), but he did tell counsel not to contest his guilty pleas. Thus, counsel properly forgoes discussing the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). We limit our review to the potential issue identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel discusses only one potential issue: whether Gaines could challenge his overall prison sentence as unreasonably high. The lawyer has not identified any reason to set aside the presumption of reasonableness applicable to sentences below the guidelines range. *See United States v. Curtis*, 645 F.3d 937, 943 (7th Cir. 2011); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). The district court discussed how the factors in 18 U.S.C. § 3553(a) apply to Gaines' illness, including his history of learning disabilities and recently diagnosed cocaine-induced psychotic disorder. The court concluded that a lower sentence would not adequately represent the seriousness of his crimes and his criminal history, which includes two convictions for aggravated battery.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.